## Thissell's Case.

*Frederic L. Ballard*, for Committee of Censors.
*John M. Thissell*, respondent, P. P.

FERGUSON, P. J., Jan. 26, 1929.—It having been brought to the attention of the court that John M. Thissell, a member of the bar, appointed master in divorce in the case of Latimer *v.* Latimer (December Term, 1927, No. 8778), had been guilty of misconduct, the Committee of Censors of the Law Association was requested to make an investigation. Thissell was notified of meetings held by the committee and attended two of them. A third meeting he did not attend. As a result of the investigation, a rule was taken to show cause why he should not be disciplined under Rule No. 215.

At the hearing on the rule, the testimony taken before the Committee of Censors was presented, with their findings of fact and their conclusion that

the case was one for discipline. We are of opinion that the findings and conclusion are sustained by the evidence.

It appears Thissell was appointed master on April 27, 1928. About three weeks after the appointment he approached counsel for the libellant and requested a loan on the ground that he was in dire need of funds. He secured $100, which he has never paid. When Latimer, the libellant, heard of this loan he reimbursed his attorney. On June 11th, Thissell approached Latimer directly for a loan and secured $250, for which he gave his note. On Sept. 4th he obtained an additional $150 from Latimer. On Oct. 6th he informed Latimer that his report as master was finished and that he would let him read it. The two men went in Latimer's automobile to a quiet place in the neighborhood of the Delaware River Bridge and the report was read to Latimer. The report was favorable. Thissell thereupon asked for $350 additional, and secured $150 then and a promise of $200 more when the report was filed. Latimer at that time returned to Thissell the note for $250, which he had previously received. During the course of the hearings, Thissell demanded, and Latimer paid, additional sums for additional meetings, or meetings of unusual length, at the rate of $10 per meeting and the same amount per hour. These totaled about $150.

These facts are not seriously disputed, but Thissell attempted a justification or explanation of them. He contends that the so-called loans were outside of the case; that they had no connection with or relation to his position as master and that he intended to pay them; that the meetings were many and lengthy, and the matter troublesome, and the additional sums which he received for holding lengthy meetings were justified by usage, if not by authority; that the courts have allowed additional fees to masters in protracted cases; that he notified the parties that he would insist upon additional compensation; that the amounts asked for and received were without accompanying intimation that they would have effect on his findings or conclusion, and, in point of fact, they did not have such effect.

These explanations are not convincing or acceptable. It is impossible to believe the approaches to Latimer were made with any innocent intent. Assuming that nothing was said with corrupt suggestion, the obvious result was to encourage Latimer to believe and expect that prompt response on his part would mean a favorable consideration of his case. He knew that Thissell had borrowed from his own counsel under a plea of pressing need. To describe the payments as loans was a specious device, even though a note was given for one of them, and the flimsy disguise fell off when the note was subsequently returned at the time the report was ready for filing. As to the matter of extra compensation demanded for extended meetings, it is only necessary to say that there is neither usage nor rule to justify it. That the other large sums were justly demanded as additional master's fees because of the many meetings and the difficulty of the case cannot be accepted. The case was not unduly lengthy for a contested one. The master was without authority to exact sums from the libellant as additional compensation. Had he been entitled to more than the rules allowed, he could have applied to the court for relief. We feel that this is merely a belated plea to justify an inexcusable exaction of money from a litigant, on the ground that it was only an irregular method of obtaining what was justly due.

The cause of the wrongdoing was, no doubt, the unfortunate fact of Thissell's need of money. He used his position as master to work upon the expectations of a litigant. No words were necessary after the first financial transaction. It could not be otherwise than that Latimer hoped his response to

demands would advance his cause. These hopes were justified, as the report demonstrated. Nothing can excuse the conduct of either party and the circumstances surrounding the private reading of the report are significant. At that time Thissell demanded $350. He received his note and $150 and a promise of $200 more when the report was filed. The matter was apparently conducted in a cold-blooded commercial way, neither party wholly trusting the other, and when the report was filed the $200 was paid.

The master was in the position of a judge; Latimer, in that of a litigant. For a judge to demand money under any guise whatsoever, and for a litigant to pay the amount demanded is an indefensible, corrupt and criminal transaction. It shows on the part of the master a lamentable lack of appreciation of the conduct required of a member of the bar. His necessitous condition was an explanation, but not an excuse. For the sake of the community and for the honor of the profession, it is necessary that the name of such an attorney be stricken from the rolls of the court.